# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS DANIEL BURSHIA,<br><br>Defendant. | CR 17-29-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Nicholas Daniel Burshia (Burshia) has been accused of violating the conditions of his supervised release. Burshia admitted all of the alleged violations. Burshia's supervised release should be revoked. Burshia should be placed in custody for 6 months, with 45 months of supervised release to follow.

## II. Status

Burshia pleaded guilty to Abusive Sexual Contact on September 13, 2017. (Doc. 24). The Court sentenced Burshia to 69 months of custody, followed by 5 years of supervised release. (Doc. 34). Burshia's current term of supervised release began on October 23, 2023. (Doc. 61 at 2).

**Petition**

The United States Probation Office filed a Petition on January 2, 2024, requesting that the Court revoke Burshia's supervised release. (Doc. 61). The Petition alleged that Burshia had violated the conditions of his supervised release: 1) by failing to complete his sex offender treatment program; and 2) by failing to complete his 180-day term at the Alpha House Residential Reentry Center.

**Initial appearance**

Burshia appeared before the undersigned for his initial appearance on January 16, 2024. Burshia was represented by counsel. Burshia stated that he had read the petition and that he understood the allegations. Burshia waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 16, 2024. Burshia admitted that he had violated the conditions of his supervised release: 1) by failing to complete his sex offender treatment program; and 2) by failing to complete his 180-day term at the Alpha House Residential Reentry Center. The violations are serious and warrant revocation of Burshia's supervised release.

Burshia's violations are Grade C violations. Burshia's criminal history

2

category is I. Burshia's underlying offense is a Class A felony. Burshia could be incarcerated for up to 60 months. Burshia could be ordered to remain on supervised release for up to 51 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Burshia's supervised release should be revoked. Burshia should be incarcerated for 6 months, with 45 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Burshia that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Burshia of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Burshia that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court **FINDS:**

> That Nicholas Daniel Burshia violated the conditions of his supervised release: by failing to complete his sex offender treatment program; and by failing to complete his 180-day term at the Alpha House Residential Reentry Center.

3

The Court **RECOMMENDS:**

That the District Court revoke Burshia's supervised release and commit Burshia to the custody of the United States Bureau of Prisons for 6 months, with 45 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 17th day of January, 2024.

John Johnston
United States Magistrate Judge